# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2022

Lyle W. Cayce
Clerk

No. 21-60003
Summary Calendar

---

Cesar Andres Fortuny Diaz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 671 555

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Cesar Andres Fortuny Diaz, a native and citizen of Cuba, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He challenges the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determination that he lacked credibility, argues that he is entitled to protection under the CAT, and claims that his due process rights were violated.

We review the BIA's decision and consider the immigration judge's (IJ) decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including an adverse credibility determination, are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Despite Fortuny Diaz's assertions to the contrary, the adverse credibility determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh*, 880 F.3d 225-26. Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that he was credible or that no reasonable factfinder could have made an adverse credibility finding. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, the lack of credible evidence precluded him from meeting his burden of proof for asylum and withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 593-97 (5th Cir. 2021); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

To establish entitlement to relief under the CAT, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). While Fortuny Diaz argues that the BIA erred in treating the adverse credibility determination as dispositive of his claim for protection under the CAT, the record reflects that the BIA acknowledged that the record contained evidence of human rights violations in Cuba but found that there was nothing in the record, besides his discredited testimony, indicating that he would be singled out for torture.

No. 21-60003

Moreover, while he has introduced documentary evidence of his contacts with the Cuban police, this evidence only weighs against the BIA's conclusion and does not compel a contrary result. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019). Accordingly, substantial evidence supports the BIA's determination that he is not entitled to protection under the CAT.

Finally, "[t]o prevail on a due process claim, an alien must make an initial showing of substantial prejudice by making 'a prima facie showing that the alleged violation affected the outcome of the proceeding.'" *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)). While Fortuny Diaz alleges that the IJ falsely indicated that he waived his right to appeal his initial order of removal, he is unable to demonstrate that he was prejudiced because the order of removal was vacated and his proceeding was remanded so that he could seek asylum, withholding of removal, protection under the CAT, or any other relief for which he was eligible. Moreover, despite his assertions to the contrary, there is no evidence of "hostility due to extrajudicial sources or a deep-seated favoritism or antagonism that would make fair judgment impossible." *Singh v. Garland*, 20 F.4th 1049, 1055 (5th Cir. 2021) (internal quotation marks and citation omitted). Accordingly, Fortuny Diaz has failed to demonstrate that his due process rights were violated.

For the foregoing reasons, the petition for review is DENIED.